```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF PENNSYLVANIA
RONALD CLARK,                       )
                                    )   Civil Action No. 06 - 1274
                                    )
         Plaintiff,                 )
                                    )   Judge Joy Flowers Conti /
                                    )   Magistrate Judge Lisa Pupo
v.                                  )   Lenihan
                                    )
JEFFREY A. BEARD; LOUIS S.          )
FOLINO; LYNN ABRAHAM                )   Doc. Nos. 39 and 45
                                    )

         Defendants.
```

### ORDER

Plaintiff has filed both a Motion for Reconsideration (Doc. No. 39) and what he titled a "Letter in Application" (Doc. No. 45). The first filing asks the Court to reconsider its Order dated May 3, 2007 striking his Amended Complaint because it attempted to join seven new plaintiffs. The second document asks Judge Conti to reconsider the same Order. He now claims that it was not his intent to create a class action, but that he was joining plaintiffs pursuant to Federal Rules of Civil Procedure 15, 20 and 23. Rule 15 permits an amendment once before a responsive pleading is filed, Rule 20 addresses permissive joinder of parties and Rule 23 addresses class actions.

The applicable rule the Court believes plaintiff is relying on now is Rule 20, which states "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction...."

Plaintiff was convicted of first degree murder and placed on death row. He has been granted a new penalty phase hearing and, in the interim, request this Court to order that he be taken off death row. He wishes to join the additional plaintiffs, alleging that they also should be taken off death row.

On the surface, it may appear that each plaintiff asserts a similar right to relief. However, what they ask for, a release or transfer from death row, is based on a different set of facts for each. Trying to review each factual scenario in one lawsuit would be terribly difficult for the Court and confusing, at best. The Court believes that, while the relief may be similar, it does not, in fact, arise out of the same series of transactions or events and a joinder of the additional parties would not convenience the Court nor would it expedite the use of judicial resources.

Each of these Plaintiff's is free to file his own lawsuit if he so chooses. Therefore,

**IT IS HEREBY ORDERED** this 25th day of May, 2007, that Plaintiff's Motion for Reconsideration and Letter of Application, docketed as a second Motion for Reconsideration are **DENIED**.

Should Plaintiff wish to have this order reviewed by Judge Conti, the proper action would be to file objections to it. In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of

service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:      RONALD CLARK, CP-5079
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 15370

         Counsel of Record