IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD CLARK, | ) | |
| | ) | Civil Action No. 06 - 1274 |
| Plaintiff, | ) | |
| | ) | Judge Joy Flowers Conti / |
| v. | ) | Magistrate Judge Lisa Pupo |
| | ) | Lenihan |
| JEFFREY A. BEARD; LOUIS S. | ) | |
| FOLINO; LYNN ABRAHAM | ) | |
| | ) | |
| Defendants. | | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion
for Preliminary Injunction (doc. no. 51) be denied.

II.     REPORT

Plaintiff, Ronald Clark, commenced this action pursuant
to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against
correctional officials employed at the Pennsylvania Department of
Corrections (DOC).   In his request for preliminary injunctive
relief, Plaintiff complains that he must be transferred from death
row housing because his sentence of death was vacated in his post-
conviction relief proceedings in September of 2003.

This Court has discretion to grant preliminary injunctive
relief under Fed. R. Civ. Proc. 65.   The party seeking a
preliminary injunction has the burden of demonstrating:  1) a
reasonable probability of success on the merits; 2) irreparable
harm if the injunction is denied; 3) that the issuance of an
injunction will not result in greater harm to the mon-moving party;
and 4) that the public interest would best be served by granting

the injunction.  <u>Council of Alternative Political Parties v. Hooks</u>, 121 F.3d 876, 879 (3d Cir. 1997); <u>Clean Ocean Action v. York</u>, 57 F.3d 328, 331 (3d Cir. 1995); <u>Opticians Ass'n of America v. Independent Opticians of America</u>, 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief.  <u>Opticians</u>, 920 F.2d at 192 (citing <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity.  <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  <u>American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.</u>, 42 F.3d 1421 (3d Cir. 1994) (quoting <u>Frank's GMC Truck Center, Inc. v. General Motor Corp.</u>, 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).  The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. <u>United States v. Stazola</u>, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  The plaintiff bears the burden of establishing a "clear showing of irreparable injury."  <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); <u>ECRI</u>, 809 F.2d at 226 (it is not enough to merely show irreparable harm:  the plaintiff has the

burden of showing <u>immediate</u> irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. <u>Acierno</u>, 40 F.3d at 655.

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order Defendants to release him from death row housing. Plaintiff's request for preliminary injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* <u>Punnett v. Carter</u>, 621 F.2d 578, 582 (3d Cir. 1980); <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." ' <u>Goff v. Harper</u>, 60 F.3d 518, 520 (8th Cir. 1995) (quoting <u>Rogers v. Scurr</u>, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." <u>Rizzo v. Goode</u>, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an

extraordinarily difficult undertaking." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. <u>Beard v. Banks</u>, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); <u>Bell v. Wolfish</u>, 441 U.S. 520, 527 (1979).

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motions that cannot be compensated with money damages; such relief, if necessary, should be required only after a full review of the relevant facts and law. Accordingly, his motion for a preliminary injunction should be denied.

III.     <u>CONCLUSION</u>

It is respectfully recommended that Plaintiff's Motion for preliminary Injunction (doc. no. 51) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan

4

                              U.S. Magistrate Judge

July 11, 2007

cc:        Joy Flowers Conti
           United States District Judge

           Ronald Clark
           CP-5079
           SCI Greene
           175 Progress Drive
           Waynesburg, PA 15370