IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CLARK, | ) |
|         Plaintiff, | ) Civil Action No. 06 - 1274 |
| | ) |
| v. | ) Judge Joy Flowers Conti |
| | ) Magistrate Judge Lisa Pupo |
| | ) Lenihan |
| JEFFREY A. BEARD; LOUIS S. | ) |
| FOLINO; LYNN ABRAHAM | ) |
| | ) |
|         Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants Beard and Folino (doc. no. 36) be granted and the Amended Complaint be dismissed against Defendant Abraham pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA).

**II.    REPORT**

Plaintiff, Ronald Clark, is a capital inmate currently incarcerated in SCI-Greene in Waynesburg, Pennsylvania. He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue Jeffrey Beard, the Secretary of the Pennsylvania Department of Corrections (DOC); Louis Folino, Superintendent of SCI-Greene and Lynn Abraham, a Philadelphia Assistant District Attorney for monetary damages and a change of housing status because his sentence of death was vacated in his post-conviction relief proceedings in September of

2003.

**A. Standards of Review**

1. <u>Motion to Dismiss</u>

As the United States Supreme Court recently held in <u>Bell Atlantic Corp. v.Twombly</u>, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See* <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) (citing <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1965 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does

2

require] enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are

3

entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

    2.   PLRA

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that- (A) the allegation of poverty is untrue; or (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[1]  Thus, Section 1915(e)(2)

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

is applicable herein. Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). *See, e.g.*, <u>Keener v. Pennsylvania Board of Probation and Parole</u>, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

**B. Plaintiff's Claims and Liability under 42 U.S.C. § 1983**

Plaintiff currently is litigating a petition filed under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. §§ 9541 *et. seq.* in the Pennsylvania state courts. On September 5, 2003, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Plaintiff's death penalty was vacated and he was granted a new penalty hearing (docket number 9312-4115, OTN Criminal M-05894416). According to the Docket Sheet, a Notice of Appeal was filed on October 6, 2003, and the matter currently is pending before the Supreme Court of Pennsylvania.

According to the Amended Complaint, Plaintiff takes issue with the failure of prison authorities to take him out of the

5

capital housing unit at SCI-Greene.  He further states that officials have told him that he must discontinue his appeals in order for them to transfer him out of capital confinement.

## C. Rooker-Feldman Doctrine

This court lacks subject matter jurisdiction over Plaintiff's claims under the "Rooker-Feldman Doctrine."  The Rooker-Feldman doctrine is a judicially-created doctrine that absolutely bars lower federal courts from reviewing certain state court actions.  The doctrine is predicated on the principles of comity and federalism and originated from two Supreme Court opinions, <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983) and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).  Specifically, the Rooker-Feldman doctrine holds that a United States District Court has no subject mater jurisdiction to review final judgments of a state court because only the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257.  <u>Feldman</u>, 460 U.S. at 482; <u>Rooker</u>, 263 U.S. at 416.  *See also* <u>Gulla v. North Strabane Township</u>, 146 F.3d 168, 171 (3d Cir. 1998); <u>E.B. v. Verniero</u>, 119 F.3d 1077, 1091 (3d Cir. 1997), *cert. denied*, 118 S. Ct. 1039 (1998).  The Rooker-Feldman doctrine precludes a federal action if the relief requested in the federal action effectively would reverse the state decision or void its ruling. <u>FOCUS v. Allegheny County Court of Common Pleas</u>, 75 F.3d 834, 840 (3d Cir. 1996).  Moreover, the Rooker-Feldman doctrine applies to the decisions of lower state courts.  <u>In re General Motors Corp. Pick Up Truck Fuel Tank Prod's Liability Litigation</u>, 134 F.3d 133,

6

143 (3d Cir. 1998).

In the present action, Plaintiff is seeking to re-litigate the same claims he raised in the Commonwealth Court of Pennsylvania in Clark v. Beard, 918 A.2d 155 (Pa. Commw. February 13, 2007) (doc. no. 36-3, pp. 17-28). In that action, the Commonwealth Court determined that the Pennsylvania statute providing that defendants sentenced to death are to be held in the Capital Case Housing Unit does not limit the discretion of the Department of Corrections on where to house inmates when their sentence of death has been vacated and inmates whose death sentences have been vacated do not have a liberty interest in being housed outside the Capital Case Unit. In order to grant relief in the present action, this Court would be required to invalidate the judgment of the Pennsylvania Commonwealth Court. Because such a ruling would render the state court judgment ineffectual, this court does not have subject matter jurisdiction over plaintiff's claim under the Rooker-Feldman Doctrine.

### D. Preclusion

Moreover, Plaintiff is precluded from pursuing the instant action under the doctrines of claim preclusion and issue preclusion. "Issue preclusion" (also known as collateral estoppel) bars relitigation of issues adjudicated in a prior action. Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1074 (3d Cir. 1990). Under issue preclusion, a plaintiff is prevented from pursuing an issue provided the following four conditions are met.

1. The issue is the same as that involved in a prior

action.

2. The issue actually was litigated.

3. The issue was determined by a final and valid judgement.

4. The determination was essential to the prior judgment.

Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995) (*quoting* Montana v. United States, 440 U.S. 147, 153 (1979)). Complete identity of parties in the two suits is not required for the application of issue preclusion. *Id.* at 1232.

As stated above, Plaintiff pursued this same action in the Pennsylvania courts. Plaintiff's claims were decided by a final and valid judgement on the merits. Accordingly, Plaintiff is precluded from relitigating his claims in the present action under the doctrine of issue preclusion.

Moreover, under the doctrine of claim preclusion, Plaintiff is precluded from seeking recovery against Defendants in the instant action under any new theory of liability that he did not raise in his previous action. "Claim preclusion" (also known as *res judicata*) gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised. Swineford v. Snyder County Pennsylvania, 15 F.3d 1258 (3d Cir. 1994).

In his state court action, Plaintiff could have pursued all of the claims against Defendants that he raises in the present action. Accordingly, this Court can not review Plaintiff's Amended

Complaint in the instant action.

**III.      CONCLUSION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants Beard and Folino (doc. no. 36) be granted and the Amended Complaint be dismissed against Defendant Abraham pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated:  November 26, 2007  
_____  
Lisa Pupo Lenihan  
U.S. Magistrate Judge

cc:   The Honorable Joy Flowers Conti  
United States District Judge

Ronald Clark, CP-5079  
SCI Greene  
175 Progress Dr.  
Waynesburg, PA 15370